(C. D. 1739)

T. M. Duche & Sons, Inc., et al. *v.* United States

United States Customs Court, Third Division

(Decided November 17, 1955)

*Barnes, Richardson & Colburn* and *Strauss & Hedges* (*E. Thomas Honey* and *Eugene F. Blauvelt* of counsel) for the plaintiffs.

*Warren E. Burger,* Assistant Attorney General (*Dorothy C. Bennett* and *Richard E. FitzGibbon,* trial attorneys), for the defendant.

Before Ekwall and Johnson, Judges

Ekwall, Judge: This case involves merchandise described on the invoices, either in English, Spanish, or French, as orange pulp or bitter orange pulp. Other commodities were involved in the importations, but plaintiffs have confined their claim to the orange pulp or bitter orange pulp. It is a retrial of the issue decided in the case of *John J. Brunner Agency, Inc., et al.* v. *United States* and reported in 32 Cust. Ct. 80, C. D. 1584. The collector of customs assessed duty at the rate of 35 per centum ad valorem under the provisions of paragraph 752 of the Tariff Act of 1930 as fruit pulp, with the exception of the commodity involved in protest 216353–K, which was entered subsequent to the reduction in rate to 17½ per centum ad valorem by the General Agreement on Tariffs and Trade (T. D. 51802).

The respective provisions applicable are as follows:

Par. 743. * * * oranges, 1 cent per pound; * * *.

Par. 752. * * * fruit pastes and fruit pulps, 35 per centum ad valorem; * * *.

Par. 752 [as modified by the General Agreement on Tariffs and Trade, T. D. 51802]. * * * fruit pastes and fruit pulps * * * 17½% ad valorem.

Fifty-seven protests were originally involved, of which 12 were abandoned and have been dismissed by the court. Of the remaining forty-five, protest 781889–G was abandoned as to entry 769703. Said protest is, therefore, dismissed as to that entry. The record in the *Brunner* case, *supra,* was received in evidence. Plaintiffs introduced the testimony of two additional witnesses.

A considerable portion of the testimony was devoted to proving similarity of the instant merchandise to that involved in the *Brunner* case, *supra*. In view of the admission in the brief of counsel for the Government that "The record clearly indicates that the merchandise herein is the same as the merchandise in the incorporated case," we deem it unnecessary to discuss the evidence, insofar as it relates to the similarity of the instant orange pulp to that involved in the *Brunner* case, *supra*.

From the testimony of the witnesses introduced on behalf of the plaintiffs, it is clear that orange pulp or bitter orange pulp, as known to them, consists of pulp and peel but not the seeds of the orange. Aside from the testimony as to similarity, we find nothing in the additional testimony that negatives the finding in the incorporated case.

Plaintiffs, in the brief filed, attempt to distinguish the case of *United States* v. *A. Sahadi & Co., Inc.*, 23 C. C. P. A. (Customs) 293, T. D. 48165, involving apricot pulp, cited in the incorporated case, by calling the court's attention to the fact that, in the instant case, counsel entered into a stipulation that one of plaintiffs' witnesses would testify that he has imported a commodity under the term "apricot pulp," which does not contain any of the peel or skin of the apricot. It is true that, in the cited case, the apricot pulp had none of the peel or skin of the apricot, whereas the instant commodity contains strips of peel. However, the court did not base its decision in the *Brunner* case, *supra*, upon the finding in the *Sahadi* case, *supra*, but upon the record as presented.

We quote from the decision in the *Brunner* case, *supra*, as follows:

The merchandise involved herein consists of the succulent part of the orange in a moist, soft condition, together with strips of peel. It corresponds to the dictionary definition of "pulp," except for the addition of the peel. However, according to the uncontradicted testimony of Mr. Abrahams, this merchandise is known by everyone in the trade as bitter orange pulp, and a product without the strips of skin would not be accepted as orange pulp. While this testimony is advisory only, it may be of great aid to the court in determining the common meaning of the tariff term "fruit pulp" when applied to the instant merchandise. *United States* v. *R. E. Macksoud, Central Maderia Corp.*, 27 C. C. P. A. (Customs) 218, C. A. D. 87; *United States* v. *Florea & Co., Inc.*, 25 C. C. P. A. (Customs) 292, T. D. 49396. We note also that when the Tariff Act of 1930 was being prepared, the Committee on Ways and Means of the House of Representatives stated in a report to accompany the bill (p. 76) that new classifications were made in the fruit paragraph to correspond with *commercial* practices.

In our view, the instant merchandise is a form of fruit pulp classifiable under paragraph 752 of the Tariff Act of 1930. The provision for fruit pulp, being an *eo nomine* classification, includes all forms of the article. *Nootka Packing Co.* v. *United States, supra* [22 C. C. P. A. (Customs) 464, T. D. 47464]. While the addi-

tion of the strips of peel may make it more desirable for the manufacture of orange marmalade, it does not change the product into something other than fruit pulp, taking it out of that classification. *United States* v. *Nippon Co.*, 32 C. C. P. A. (Customs) 164, C. A. D. 303; *United States* v. *Procter & Gamble Mfg. Co.*, 34 C. C. P. A. (Customs) 71, C. A. D. 345.

We hold, therefore, that the merchandise involved herein was properly classified by the collector as fruit pulp, dutiable at 35 per centum ad valorem under paragraph 752 of the Tariff Act of 1930.   [Italics quoted.]

We find nothing in the instant record to overcome the holding in the *Brunner* case, *supra*, which was not appealed and is *stare decisis* of the issue.   Plaintiffs' claims are, therefore, overruled, except as noted above.

Judgment will be rendered for the defendant.